IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SADIYQ NAJEE ULLAH HOLLOWAY,

                Plaintiff,

     v.

AHTNA, INC., an Alaska Native
Regional Corporation,
John Does 1–10,

                Defendants.

Case No. 3:25-cv-00132-SLG

## **SCREENING ORDER**

On June 20, 2025, self-represented litigant Sadiyq Najee Ullah Holloway ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a letter to the Court.[1] Liberally construed, Plaintiff's Complaint appears to allege that Ahtna, Inc., an Alaska Native Regional Corporation, and its employees, legal agents, and officers, violated his rights under the Alaska Native Claims Settlement Act ("ANCSA"). He further alleges negligent misrepresentation, intentional interference with shareholder access, and breach of fiduciary and public trust by Ahtna, Inc.[2] For relief, Plaintiff seeks a declaratory judgment affirming his status as a "rightful shareholder descendant," an injunction ordering Ahtna, Inc. to release all relevant records to Plaintiff, an unnamed amount

---

[1] Docket 1-3, 5.

[2] Docket 1.

in monetary damages "for harm caused by unlawful suppression," and attorney's fees and costs.[3]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[5]

---

[3] Docket 1 at 4.

[4] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 10 76 (9th Cir. 2014) (en banc).

[5] 28 U.S.C. § 1915(e)(2)(B).
Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 2 of 10
Case 3:25-cv-00132-SLG    Document 6    Filed 10/20/25    Page 2 of 10

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

## DISCUSSION

---

[6] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell*, 266 F.3d at 988, *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[10] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 3 of 10
Case 3:25-cv-00132-SLG    Document 6    Filed 10/20/25    Page 3 of 10

In his Complaint, Plaintiff appears to allege that Ahtna, Inc. denied him access to "vital records, lineage verification, and equal shareholder standing," although it has issued Plaintiff "100 shares."[12] Plaintiff alleges this was a violation of ANCSA and constituted intentional interference with shareholder access and breach of fiduciary and public trust.[13] He claims that Ahtna, Inc. staff were instructed not to assist him and that this "obstruction" has caused him legal, emotional, and spiritual injury.[14]

In addition to naming Ahtna, Inc. as a Defendant, Plaintiff also names John Does 1 through 10 as Defendants, indicating they are employees, legal agents and officers of Ahtna, Inc. Although a plaintiff may use a "Doe" defendant designation to refer to a defendants whose name is unknown, he must number each such Doe defendant in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and explain the specific action(s) that specific John Doe took, when that action was taken, and how that action resulted in injury or harm to Plaintiff.

Further, individuals may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

---

[12] Docket 1 at 1–2.

[13] Docket 1.

[14] Docket 1 at 1–2.

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 4 of 10
Case 3:25-cv-00132-SLG   Document 6   Filed 10/20/25   Page 4 of 10

transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[15] Although Plaintiff is being given an opportunity to file an amended complaint, he must not improperly combine unrelated parties or claims.

I. **Failure to State a Claim**

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] A complaint that is "verbose, confusing and almost entirely conclusory" violates Rule 8.[17] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[18] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[19]

Although the Court must liberally construe complaints filed by self-represented plaintiffs, it is not required to sift through disorganized material to

---

[15] Fed. R. Civ. P. 20(a)(2).

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981).

[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[19] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 5 of 10
Case 3:25-cv-00132-SLG   Document 6   Filed 10/20/25   Page 5 of 10

construct claims on a litigant's behalf.[20] It is Plaintiff's responsibility to gather and plead the necessary facts to support his claims. The Court does not conduct independent research when screening a complaint.

As pleaded, Plaintiff has not alleged sufficient facts that allow the Court to understand the nature of his claims. The Complaint does not contain enough facts describing the who, when, where, and how of the alleged incidents that incurred that Plaintiff alleges have harmed him. Nor does the Complaint explain how these alleged incidents violated ANCSA. Therefore, the Complaint fails to state a claim upon which relief may be granted.

## II. Supplemental Jurisdiction over state claims

Plaintiff also makes claims that are potentially grounded in state law and would typically be addressed in state court. A federal court may exercise supplemental jurisdiction over related state claims based on the same or overlapping facts.[21] However, because Plaintiff has not pleaded any plausible federal claim, the Court will not exercise supplemental jurisdiction over any potential state law claims. As such, the Court also dismisses any state law claims with leave to amend.

## III. Plaintiff's Letter at Docket 5

Plaintiff filed a letter to the Court at Docket 5. Letters to the Court are not a

---

[20] *Indep. Towers of Washington v. Washington,* 350 F.3d 925, 929 (9th Cir. 2003).

[21] *See generally United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 6 of 10
Case 3:25-cv-00132-SLG    Document 6    Filed 10/20/25    Page 6 of 10

proper form of communication in a pending case. A plaintiff may attach relevant documents to a complaint or an amended complaint. However, all relevant information must be contained in the body of an amended complaint and include specific citations to any attachments filed in support of his claims.

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[22] Any claim not included in the amended complaint will be considered waived. An amended complaint must allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[23] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially

---

[22] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[23] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 7 of 10
Case 3:25-cv-00132-SLG   Document 6   Filed 10/20/25   Page 7 of 10

numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[24]  Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation.  Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s).  Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**.  The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his Complaint to address the deficiencies identified in this order.  An amended

---

[24] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 8 of 10
Case 3:25-cv-00132-SLG     Document 6     Filed 10/20/25     Page 8 of 10

complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

2. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff for failure to state a claim.

3. Plaintiff's application to waive payment of the filing fee at **Docket 3 is GRANTED.**

4. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[25] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

5. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address,

---

[25] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 9 of 10
Case 3:25-cv-00132-SLG     Document 6     Filed 10/20/25     Page 9 of 10

and its effective date.[26] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

6. With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint For Violation of Civil Rights (Non-Prisoner Complaint)"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 20th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[26] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00132-SLG, *Holloway v. Ahtna, Inc., et al.*
Screening Order
Page 10 of 10
Case 3:25-cv-00132-SLG   Document 6   Filed 10/20/25   Page 10 of 10