**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

SADIYQ NAJEE ULLAH HOLLOWAY,

          Plaintiff,

    v.

AHTNA, INC., an Alaska Native
Regional Corporation, and the
BUREAU OF INDIAN AFFAIRS,

          Defendants.

Case No. 3:25-cv-00132-SLG

## ORDER OF DISMISSAL

On October 20, 2025, the Court screened the Complaint filed by self-represented litigant Sadiyq Najee Ullah Holloway ("Plaintiff") in this case, found it deficient, but granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal.[1] On November 13, 2025, Plaintiff filed a First Amended Complaint ("FAC").[2] On December 16, 2025, the Court's Notice of Electronic Filing ("NEF") confirming receipt of the FAC that had been mailed to Plaintiff was returned to the Court as undeliverable,[3] and on January 5, 2026, the Court's Screening Order was returned as undeliverable.[4]

---

[1] Docket 6.

[2] Docket 7.

[3] Docket 8.

[4] Docket 10.

On January 13, 2026, Plaintiff filed another amended complaint,[5] and on February 13, 2026, Plaintiff filed a "Notice of Compliance with Screening Order" and a Second Amended Complaint ("SAC").[6]

Plaintiff's "Notice of Compliance" acknowledges that his amended complaint replaces his prior pleadings and explains why he believes he has cured the deficiencies identified in the Court's Screening Order.[7] However, upon review, the SAC contains the same deficiencies identified in the Court's Screening Order regarding the initial Complaint.[8] The Court recognizes that documents filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those without legal training.[9] But this leniency does not require the Court to rewrite deficient pleadings or motions.[10] Nor can the Court provide legal advice or act as a party's attorney.[11]

Plaintiff states that he "does not ask the Court to adjudicate lineage facts or resolve shareholder entitlement disputes but solely requests that Defendants be compelled to issue required written determinations and complete administrative

---

[5] Docket 11.

[6] Dockets 12-13.

[7] Docket 12.

[8] *See* Docket 6.

[9] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[10] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[11] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377 (1976).

action as mandated by law."[12] However, Plaintiff does not state a cognizable federal cause of action authorizing the relief he seeks from Defendants.[13] Therefore, the Court finds that the SAC must be dismissed for failure to state a claim. The Court further finds that allowing leave to file another amended complaint would be futile.[14] Therefore, this case must be dismissed without leave to amend.

IT IS THEREFORE ORDERED:

1.      This action is **DISMISSED.**

2.      All pending motions are **DENIED as moot.**

3.      The Clerk shall issue a final judgment and close this case.

DATED this 19th day of March, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[12] Docket 12 at 1.

[13] *See Johnson v. Riverside Healthcare Sys.,* LP, 534 F.3d 1116, 1121 (9th Cir. 2008) (explaining that a dismissal for failure to state a claim may be based on "the lack of a cognizable legal theory or absence of sufficient facts to support a cognizable or plausible legal theory") (citations and quotations omitted).

[14] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).